**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONA A. ALGHALAYINI, | Nos. 06-72289 and 06-75736 |
| Petitioner, | Agency No. A075-255-837 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.[**]

Mona A. Alghalayini, an ethnic Palestinian and citizen of Israel, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007), de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and we review for abuse of discretion the denial of a motion to reopen and reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

Substantial evidence supports the IJ's adverse credibility determination because of the multiple inconsistencies within Alghalayini's testimony, original asylum application, and amended asylum applications. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). Substantial evidence also supports the IJ's decision to reject Alghalayini's explanations for the inconsistencies. *See Rivera*, 508 F.3d at 1275. In the absence of credible testimony, Alghalayini's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Alghalayini's CAT claim is based on the testimony that the IJ found not credible, and she points to no other evidence to show that it is more likely than not she would be tortured if she returned to the Gaza Strip, her CAT claim also fails. *See id.* at 1156-57.

2

Alghalayini also contends that she was denied due process at the removal hearing because the IJ refused to allow her to further amend her asylum application. To establish a due process violation, an alien must show that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar,* F.3d at 971 (9th Cir. 2000) (internal quotation marks and citation omitted). To prevail on a due process challenge, an alien must also show substantial prejudice. *See Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir. 2000). The record demonstrates that Alghalayini was given several years to gather evidence, and to complete and file several amended applications before the merits hearing. Accordingly, we conclude that Alghalayini was provided a full and fair opportunity to present her claims for relief from removal.

Next, Alghalayini argues that the BIA erred in denying her motion to reopen in light of additional evidence that Hamas won a majority of the Palestinian parliament in 2006. The BIA properly considered the additional evidence and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. Specifically, the BIA found that Alghalayini failed to establish that any of the additional evidence she proffered demonstrated changed country conditions in Gaza that would materially alter her previous ineligibility for

asylum.  Therefore, the BIA's decision was neither "arbitrary, irrational [n]or contrary to law."  *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

Finally, Alghalayini contends that the BIA abused its discretion in denying her motion to reconsider as numerically barred and untimely.  We disagree.  The BIA was within its discretion in denying Alghalayini's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying her motion to reopen.  *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).  Construed as a second motion to reopen, the BIA correctly determined that the motion was barred by the regulatory limitations on motions to reopen.  *See* 8 C.F.R. § 1003.2(c)(2).

**THE PETITIONS FOR REVIEW IN 06-72289 and 06-75736 ARE DENIED.**